## Charles B. Nelson, Appellee, v. Oscar Brodfuehrer et al., on appeal of Oscar Brodfuehrer, Appellant.

### Gen. No. 23,976.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court. Affirmed. Opinion filed June 10, 1918. Rehearing denied June 24, 1918.

### Statement of the Case.

Bill of complaint by Charles B. Nelson, complainant, which charged that he had recovered a judgment against the defendant, Oscar Brodfuehrer, for the sum of $265; that an execution had been issued and returned *nulla bona;* that said defendant was the owner of real estate, or of an interest therein, and of certain personal property; that the wife of defendant, who was also made a party defendant, held legal title to the property which was in fact the property of defendant. The bill sought discovery of the defendants, who filed answers denying in general terms the material allegations of the bill. On a preliminary hearing the court ordered the appointment of a receiver, upon the complainant and receiver giving bonds in accordance with the statute. From this order defendant Brodfuehrer appeals.

WILLIAM SLACK, for appellant.

B. M. SHAFFNER, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. EQUITY, § 271*—*when verification of bill is sufficient.* A bill of complaint which is verified by complainant himself and also

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by his agent is sufficiently verified even though complainant's verification was, in compliance with an order of court, attached to the bill after it was filed.

2. APPEAL AND ERROR, § 432*—*when objection as to verification and signing of bill may not be raised.* The objection that a bill of complaint was unsigned when verified by complainant's agent and when verified by complainant, the latter verification being attached in accordance with an order of court, after the bill was filed, will not avail where the signature of complainant appears on the bill and it does not appear from the abstract of the record that any objection was made on this ground in the trial court and there is nothing to show when the bill was signed, other than the order to attach the verification.

3. RECEIVERS, § 10*—*what is effect of sworn answer denying allegations of bill on right to appoint.* That the sworn answer filed to a creditor's bill which seeks a discovery of the assets and property of a defendant denies definitely all the material allegations of fact of the bill does not render the court powerless to enter an interlocutory order appointing a receiver to take possession of defendant's exempt assets pending the determination of the issues by the master and the court and require that it dismiss the bill.

4. RECEIVERS, § 12*—*when right to act becomes complete.* Where the bonds of a receiver and of the complainant required by the interlocutory order appointing the receiver are filed, the receiver's right to act becomes complete even though the complainant's bond is not approved until after the approval of the receiver's bond.